[No. 5862.]

## DeWitt v. Williams.

1. **Appeals — Finding on Conflicting Evidence** — A general finding upon conflicting evidence will not be reversed where supported by ample testimony.—(477)

2. **Pleading — What Must Be Specially Pleaded** — Nonperformance by plaintiff of the contract which he relies upon must be specially pleaded.—(477)

*Appeal from Douglas County Court* — Hon. Robert E. Palm, Judge.

Mr. E. T. Wells, for appellant.

Mr. Charles L. Dickerson, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

Appellee, plaintiff below, had judgment in the county court of Douglas county, against the appellant, defendant below, for $483.76, on account of a balance said to be his due for sweet and churning cream furnished under contract to the defendant, in the months of June and July, 1904. The latter brings the case here for review.

The complaint in substance alleges that under a contract between plaintiff and defendant of date March 1, 1904, the former was to furnish the latter, at appropriate times up to March, 1905, all the cream plaintiff might purchase from his customers in Douglas county, churning cream to be delivered at Denver, Colorado, and the sweet cream at Greenland, Colorado, defendant to accept the same and to pay plaintiff, at his place of business in Douglas county, for the churning cream twenty-six cents per pound for the butter-fat contained therein, and for the sweet cream twenty-seven cents per pound for the butter-fat. That in pursuance of said agreement plaintiff furnished defendant large quantities of churning and sweet cream; that for all of such product furnished prior to June, 1904, defendant made payment; that during June and the first twelve days of July, 1904, under said agreement, plaintiff furnished defendant, at the places and times agreed upon, cream containing butter-fat of the value of $1,436.10, of which sum defendant, at sundry times thereafter, paid all except a balance of $643.76. The answer was in the nature of a general denial, with the further plea that defendant had made full payment for everything furnished him by plaintiff on this account or at all. Trial was to the court without a jury, with findings for plaintiff and judgment as stated above.

We have examined the record fully and carefully. There is no law matter involved. It is wholly a question of fact, or series of facts, to be determined

on conflicting testimony. Plaintiff claimed that the contract was an oral one. Defendant sought to establish the fact, relying upon correspondence exchanged between the parties to do so, that it was a written one. The court held that the cream furnished was so furnished under a verbal contract, and that the letters in question were merely explanatory of the verbal agreement, but in no sense constituted the contract itself. We think this conclusion respecting the form of the contract, was correct, and finds ample support in the proofs. The testimony as to the amount and quality of cream furnished is conflicting. The court found from it that there was and is due and owing to the plaintiff from the defendant a balance of $483.76.

The questions are, was the contract between the parties as stated by plaintiff, and if so, is there anything yet due him from the defendant for goods furnished under it? Both matters were determined by the court in favor of plaintiff, upon abundant and satisfactory proofs. There is contention that plaintiff failed to fully perform the contract because he did not ship sweet cream as agreed. If true, that fact should have been pleaded and damages claimed, if any were sustained, for such failure. But no counter-claim or set-off was put forth, and in absence of plea that matter could not be properly considered. The judgment allowed is a fit and proper ending of the controversy. The findings of the court on the facts are binding and conclusive here. There having been no misapplication of the law thereto, the judgment is affirmed.                    *Affirmed.*

Chief Justice Steele and Mr. Justice Musser concur.

Opinion filed February 7, A. D. 1910; rehearing denied April 4, A. D. 1910.